Nicholas M. Wajda (Cal. Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIREE BURNS-HOLDMAN,<br><br>Plaintiff,<br><br>v.<br><br>IC SYSTEM, INC.,<br><br>Defendant. | Case No. 2:20-cv-09850<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.***<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

NOW COMES, DESIREE BURNS-HOLDMAN, through her undersigned counsel, complaining of IC SYSTEM, INC., as follows:

## NATURE OF THE ACTION

1.      This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      DESIREE BURNS-HOLDMAN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

6.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8.      IC SYSTEM, INC. ("Defendant" or "IC SYSTEM, INC.") is a corporation organized under the laws of Minnesota.

9.      Defendant maintains its principal place of business at 444 Hwy 96 E, Saint Paul, Minnesota 55127.

10.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

11.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

12.     Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

## FACTUAL ALLEGATIONS

13.     Plaintiff had an internet account with Spectrum.

14.     In or about March 2020, Plaintiff cancelled her service with Spectrum.

15.     A technician from Spectrum was dispatched to her home and Plaintiff returned the equipment associated with her cancelled service.

16.     Spectrum's technician picked up all rented equipment from Plaintiff's home in or around March 2020.

17.     Three months later, in June 2020, Plaintiff noticed that Defendant was attempting to collect $120 for Spectrum (the alleged "subject debt").

18.     On June 30, 2020, Plaintiff called Spectrum directly, who informed Plaintiff that there was still an open ticket for her regarding the rented equipment.

19.     Plaintiff asked why she never heard anything before Spectrum sent the subject debt to collection, but decided to pay the subject debt to get it out of collections.

20.     Plaintiff paid the $120 directly from her bank account, and was told by Spectrum that was all that was needed to satisfy the account and have it removed from collection.

21.     In or around October 2020, Plaintiff called Spectrum to obtain new services and was informed that she has a $0 balance.

22.     Plaintiff advised Spectrum that Defendant is still reporting on her credit reports as a balance owed.

23.     During that same phone call, Plaintiff was given 2 ticket numbers in support of her claim that the subject debt was paid: ticket number 35868800 as to the account itself and ticket number 35868895 as to the rented equipment.

24.     Both ticket numbers showed a zero balance.

25.     Both ticket numbers were provided directly by Spectrum.

26.     On October 14, 2020, Plaintiff called Defendant twice requesting that Defendant delete the accounts from her credit report.

27.     Defendant advised Plaintiff that she needed to take care of this issue with Spectrum, to which Plaintiff advised that she already had and had the two ticket numbers showing a zero balance.

28.     During the same phone call, Defendant refused to take the two ticket numbers as proof that the balance was paid.

29.     Additionally, in the same phone call, Plaintiff addressed the fact that the balance reporting on her credit reports from Defendant was now reporting at double the original amount, at $240.

30.     Plaintiff inquired as to why the balance had doubled, even though Plaintiff had paid the underlying balance.

31.     Defendant was unable to give a definitive answer, to which Plaintiff requested to speak to a manager.

32.     Plaintiff was transferred to a manager, who in turn asked her to write a letter or dispute or to contact Spectrum.

33.     Plaintiff again informed Defendant that Spectrum advised that she owed a zero balance from July 2nd onward, and again provided Plaintiff with two ticket numbers: ticker number 35872816 for the zero balance on the account and ticket number 35872882 for the zero balance on the rented equipment.

34.     To date Defendant continues to attempt to collect a debt that Plaintiff does not owe.

35.     As a result of Defendant's behavior and refusal to delete the subject debt from Plaintiff's credit report, Plaintiff feared for her rights and decided to retain counsel.


**CLAIMS FOR RELIEF**

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

36.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

37.     The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, and household purposes (internet use).

4

38.     Defendant's phone calls are each a "communication" as defined by 15 U.S.C. § 1692a(2) because they conveyed information regarding the subject debt to Plaintiff directly.

**a.      Violations of 15 U.S.C. § 1692e**

39.     Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

40.     Section 1692e(2) of the FDCPA prohibits a debt collector from making false representations regarding the character, amount, or legal status of the debt. 15 U.S.C. § 1692e(2).

41.     Defendant's actions violated 15 U.S.C. §§ 1692e and e(2) by falsely reporting the subject debt to Plaintiff's credit reports in July 2020 when the subject debt was paid off and by reporting to Plaintiff on numerous collection calls that she still owed the subject debt.

42.     Section 1692e(8) of the FDCPA prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

43.     Defendant violated 15 U.S.C. §1692e(8) by reporting credit information that they knew or should have known to be false.

44.     Defendant's violated 15 U.S.C. §1692e(8)  by falsely reporting the subject debt as having doubled in October 2020 when the subject debt was paid off in July 2020.

**b.      Violations of 15 U.S.C. §1692f**

45.     Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

46.     Section 1692f(1) of the FDCPA prohibits an attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

5

47.     Defendant violated 15 U.S.C. §§1692f and f(1) and by using unfair or unconscionable means in its attempts to collect the subject debt.

48.     Specifically, it was inherently unfair and unconscionable for Defendant to increase the balance of the subject debt after it had already been paid because Defendant could not legally or contractually assess fees and/or administrative charges on a debt that was already paid off.

49.     As set forth above, Plaintiff was harmed by Defendant's deceptive conduct.

50.     Plaintiff may enforce the provisions of 15 U.S.C. 15 U.S.C. §§ 1692e, e(5), e(8) and f pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 15 U.S.C. 15 U.S.C. §§ 1692e, e(5), e(8) and f.

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E.    an award of such other relief as this Court deems just and proper.

**COUNT II:**
**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*)**

51.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Cal. Civ. Code § 1788.11**

52.    California Civil Code § 1788.17 provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

53.    As pled above, Defendant violated 15 U.S.C. 15 U.S.C. 15 U.S.C. §§ 1692e, e(5), e(8) and f; therefore violating Cal. Civ. Code §1788.17.

54.    Plaintiff may enforce the provisions of Cal. Civ. Code §§ 1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

> (a)    Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

> (b)    Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

> (c)    In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff requests the following relief:

A.    a finding that Defendant violated Cal. Civ. Code §§ 1788.17;

B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.     an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E.     an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 27, 2020                                     Respectfully submitted,

**DESIREE BURNS-HOLDMAN**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com